FILED
5/12/2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

14CV3317
JUDGE ST. EVE
MAG. JUDGE COX



| | |
|---|---|
| KIM WEST, | ) |
| Plaintiff, | ) No. |
| vs. | ) |
| CALUMET PUBLIC SCHOOL DISTRICT 132, | ) |
| Defendant. | ) |

RECEIVED
MAY X 7 2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## VERIFIED COMPLAINT

Plaintiff Kim West, by and through her attorney, Chen Kasher, Esq., complains of the Defendant Calumet Public School District 132 as follows:

### PARTIES

1. Plaintiff Kim West ("West") resides in Park Forest, Illinois.

2. Defendant Calumet Public School District 132 ("Calumet") has its principal district office at 1440 W. Vermont Street in Calumet Park, IL.

### JURISDICTION AND VENUE

3. Jurisdiction is proper pursuant to 28 U.S.C. §1251 based on original jurisdiction for the Americans with Disabilities Act ("ADA") claim.

4. Plaintiff West has exhausted her administrative remedies by filing a charge with the EEOC and IDHR in March 2013 and receiving a right to sue letter from the EEOC on March 28, 2014.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1404, as Defendant Calumet Public School District 132 has its principal office in the Northern District of Illinois, Plaintiff West resides in this district, and all of the events giving rise to the ADA cause of action occurred in this district.

1

## GENERAL ALLEGATIONS

6. Plaintiff West has worked as a schoolteacher for the last twenty years at various districts near and around Northern Illinois, Germany, Tennessee, Kentucky, and Texas.

7. Defendant Calumet hired Plaintiff West as a full-time teacher for the 2012-2013 school year, with a contract from August 22, 2012 to June 6, 2013.

8. Defendant Calumet hired Plaintiff West to teach world literature in their Calumet Middle School building.

9. As part of Plaintiff West's job duties, Defendant Calumet required her to teach classes on multiple levels of the Middle School building with only three minutes to commute between them.

10. The Calumet Middle School building had multiple levels but only a set of stairs to connect them.

11. The Calumet Middle School building had no elevators, ramps, or other mechanisms for people to commute between the two floors.

12. The Calumet Middle School building has since been razed.

13. In order to avoid being tardy, Ms. West complied with this job duty by hurrying up and down hundreds of stairs as fast as she could.

14. Ms. West's increased physical activity resulted in a herniated disc, which was first objectively confirmed by MRI and discovered to be caused by her climbing activity at the school on November 27, 2012.

15. On October 16, 2012, Ms. West had trouble walking and saw her doctor, Dr. May.

16. Dr. May wrote a disability certificate, stating that Kim West has been under his professional care and is totally incapacitated until October 23, 2012.

17. On October 16, 2012, Kim West sent an e-mail to Terrina Ellerson, the principal of Calumet Middle School, in order to confirm that her doctor's statement had been received.

18. Defendant Calumet School District made no attempt to determine what the cause of the disability certificate was, whether it would affect her future work, or whether there were any accommodations that could assist Plaintiff West in performing her job duties.

19. Plaintiff West returned to work from October 23, 2012 to early November, when the staggering increase in pain in her back resulted in her being unable to walk.

20. Dr. May wrote on November 10, 2012 that Kim West is unable to work until further notice.

21. On November 16, 2012, Kim West wrote Elizabeth Reynolds, the superintendent, asking for a leave of absence for medical reasons, and stating that she had been under doctor's care since November 9, 2012.

22. The letter was stamped received by "LR" on November 26, 2012.

23. On December 5, 2012, Elizabeth Reynolds, the superintendent, notified Kim West that she has been absent since November 9, 2012 but had failed to call in.

24. Consistent with Defendant's policy, Plaintiff West or her mother had consistently called in the District to report her absences in November and December and to try to explain how the pain in her back made it difficult for her to teach without accommodations.

25. On December 5, 2012, Ms. Reynolds set an arbitrary return date for Plaintiff West of December 10, 2012.

26. On December 13, 2012, Elizabeth Reynolds, the superintendent, notified Plaintiff West that she is not eligible for FMLA package due to her health issue.

27. Ms. Reynolds did not mention the ADA in correspondence to Plaintiff West.

28. On December 11, 12, and 13, Plaintiff West (or her mother on her behalf) called the Defendant Calumet in order to tell them that her return date was still uncertain, but that her health was improving and she may be able to return to work immediately with accommodations like not having to teach between floors or teaching from a wheelchair.

29. Plaintiff West tried to inform the District that her doctor had stated her prognosis was excellent and she should be back soon.

30. None of these phone calls or voicemails were acknowledged by Defendant Calumet.

31. On December 13, 2012, Ms. Reynolds said that as the District had not received a return date, they must recommend termination.

32. At or around December 2012 and January 2013, Defendant Calumet also did not comply with a request from the teachers' retirement system of Illinois to provide information about the nature, if any, of Plaintiff West's disability.

33. On January 17, 2013, Defendant Calumet terminated Plaintiff West.

## COUNT I –
## DISCRIMINATION BASED ON DISABILITY (TITLE III OF ADA)

33. Plaintiff West re-alleges paragraphs 1-33 of the complaint as allegations 1-33 of this Count I.

34. Plaintiff West's herniated disc meant that she was a disabled individual within the meaning of the ADA.

35. Defendant Calumet knew or should have known about Plaintiff West's disability, based on letters from Plaintiff West's doctor, multiple phone calls, and facsimiles sent to their offices.

36. Notwithstanding this duty, Defendant Calumet committed the following violations of the ADA:

4

a) Failed to ask Dr. May, Plaintiff West's doctor, about the nature of her disability;

b) Failed to inquire of Plaintiff West about the specific nature of her disability;

c) Failed to ask Plaintiff West about potential accommodations for her disability, such as letting her teach on the first floor or letting her sit as she taught;

d) Initiate discussions about Plaintiff West's absence or provide her with work at home in order to avoid hardship on the Defendant Calumet;

e) Failed to mention the protections of the ADA in correspondence with Plaintiff West

37. As a result of the above, Defendant Calumet failed to accommodate Plaintiff West's herniated disc and let her continue working at Defendant Calumet's district and violated the ADA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A. Damages to compensate for all loss of income, economic opportunity, and any other injuries inflicted by Defendant;

B. Such injunctive, declaratory, punitive, or other relief as may be appropriate, including attorney's fees, interest, and reasonable expenses.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff West demands a trial by jury in this action of all issues so triable.

/s/ Chen Kasher
CHEN KASHER, ESQ.
Attorney for Plaintiff
1642 E. 56th Street, Suite 714
Chicago, IL 60637

## VERIFICATION

I, Kim West, am the Plaintiff in this action. I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 under the laws of the United States of America that all of the factual statements contained in this Verified Complaint are true and correct to the best of my knowledge.

*Kim West*

Kim West

Dated: 07 May 2014



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
2014 1575

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

April 24, 2014

Ms. Kim West
305 Sheridan
Park Forest, IL  60466

Re:  EEOC Charge Against Calumet Park School Dist., #132
     No. 21B201301212

Dear Ms. West:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent under:
   Title I of the Americans with Disabilities Act of 1990,
   42 U.S.C. 12111, et seq., and,
   Title V, Section 503 of the Act, 42 U.S.C. 12203.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

   The investigative file pertaining to your case is located in the EEOC Chicago District Office, Chicago, IL.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                   Sincerely,

                                   Jocelyn Samuels
                                   Acting Assistant Attorney General
                                   Civil Rights Division

                               by  *Karen S. Ferguson*
                                   Karen L. Ferguson
                                   Supervisory Civil Rights Analyst
                                   Employment Litigation Section

cc:  Chicago District Office, EEOC
     Calumet Park School Dist., #132